IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                      Plaintiff,                              ORDER

   v.

                                                                      08-cr-69-bbc

LEE ANTON JACKSON,

                      Defendant.

_____

       The government has obtained from the Madison Police Department confidential documents that might qualify as impeachment material under *Giglio v. United States*, 405 U.S. 150, 153 (1972). The government has submitted these documents ex parte for in camera review. *See* dkt. 48. Having read the materials, I conclude that, given the current posture of this case, the government does not have to disclose these documents to the defense.

       If the government had obtained these documents before the suppression hearing, then the answer would have been different. If the government had not voluntarily chosen to quash the statements obtained from Lee Jackson in violation of his *Miranda* rights, then the answer would have been different. The court is skeptical about the timing of the release of these documents from the Madison Police Department to the U.S. Attorney's Office, but the issue has been rendered academic by the government's prudent decision to jettison Jackson's post-arrest statement from this case.

       Entered this 11th day of November, 2008.

                                            BY THE COURT:
                                            /s/
                                            STEPHEN L. CROCKER
                                            Magistrate Judge